**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARCIA L. GANUN,

               Plaintiff(s),          CASE NUMBER: 09-12966
                                               HONORABLE VICTORIA A. ROBERTS

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

               Defendant(s).
_____/

## ORDER

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On October 16, 2009, Plaintiff Marcia L. Ganun filed a "Motion to Allow Plaintiff to Negotiate Attendant Care Checks." (Doc. #10). This motion was referred to Magistrate Judge Michael Hluchaniuk, who submitted an Order on January 29, 2010. (Doc. #41).

Before the Court is Ganun's "Objection to Order Regarding Plaintiff's Motion to Negotiate Attendant Care Checks." (Doc. #45).

**II. STANDARD OF REVIEW**

Under Fed. R. Civ. P. 72(a):

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

1

"The 'clearly erroneous' standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it 'is left with the definite and firm conviction that a mistake has been committed.'" *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077 at *1 (E.D. Mich. Dec. 10, 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 394 (1948)).

## III. APPLICABLE LAW AND ANALYSIS

Ganun asks the Court to strike the following language from the Magistrate Judge's Order: "negotiation of attendant care checks does not waive . . . Defendant's right to assert a claim for reimbursement of attendant care benefits that have been overpaid, these rights being fully preserved by the parties." According to Ganun, State Farm's right to assert a claim for reimbursement was not an issue in her motion, nor did State Farm file a counterclaim under Fed. R. Civ. P. 13(a)(1). Ganun says her motion merely asked the Court for permission to negotiate attendant care drafts issued by State Farm for monthly attendant care.

In Response, State Farm said:

> WHEREFORE, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Honorable Court enter an Order which allows Plaintiff to negotiate her attendant care drafts without prejudicing her right to claim that the payments are not payments in full, *while at the same time protecting Defendant's rights to seek a return of any money paid which may not have been reasonable, necessary, incurred, or related to the subject motor vehicle accident*.

(Emphasis added).

The Court finds that State Farm's Response to Ganun's motion made its right to seek reimbursement an issue that the Magistrate Judge had to decide; the Magistrate

2

Judge was within his bounds to address it. The only issue is whether his preservation of this right to State Farm was clearly erroneous.

Fed. R. Civ. P. 13(a)(1) says:

A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:

(A)  arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B)  does not require adding another party over whom the court cannot acquire jurisdiction.

Because State Farm did not assert its right to reimbursement as a compulsory counterclaim under Fed. R. Civ. P. 13(a)(1), if discovery reveals that State Farm is entitled to reimbursement, it would need the Court's permission to assert its counterclaim. See Fed. R. Civ. P. 15(a)(2): "a party may amend its pleading only with the opposing party's written consent or the court's leave." It does not have an automatic right to seek a return of money from Ganun at this juncture.

## IV.  CONCLUSION

The Court **ADOPTS IN PART AND DENIES IN PART** the Magistrate Judge's Order. The Court **DECLINES TO ADOPT** the following language in the Magistrate Judge's Order: "negotiation of attendant care checks does not waive . . . Defendant's right to assert a claim for reimbursement of attendant care benefits that have been overpaid, these rights being fully preserved by the parties."

State Farm's right to assert a counterclaim for reimbursement is not absolute. State Farm must first seek permission from the Court. The Court will then determine whether State Farm can amend its pleadings to assert a counterclaim.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: June 14, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2010.

s/Linda Vertriest
Deputy Clerk

---