UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA L. GANUN,                                Case No. 09-12966

            Plaintiff,                    Victoria A. Roberts
vs.                                             United States District Judge

STATE FARM MUTUAL                               Michael Hluchaniuk
AUTOMOBILE INSURANCE CO.,                        United States Magistrate Judge

            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 115)**

## I.     PROCEDURAL HISTORY

This Michigan No-Fault attendant-care benefit claim matter was removed

from state court on July 28, 2009.  (Dkt. 1).  On September 23, 2009, District

Judge Victoria A. Roberts referred this matter to the undersigned for all pretrial

proceedings.  (Dkt. 7).  On October 22, 2010, defendant filed a motion for

summary judgment.  (Dkt. 115).  On November 22, 2010, plaintiff filed a response

to defendant's motion.  (Dkt. 122).  Defendant filed a reply on December 1, 2010.

(Dkt. 124).  Pursuant to notice, the Court held a hearing on December 16, 2010.

(Dkt. 117).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendant's motion for summary judgment should be **DENIED**.

## II.    FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

The parties each provide extensive factual background in their briefs regarding Krista Ganun's accident, medical history, treatment, and attendant care needs.  The nub of the issue before the Court requires only a brief factual recitation and none of these facts are disputed except as otherwise indicated.  The attendant care benefits have been the subject of prior litigation between the parties.  The first lawsuit was filed in state court in 2002.  This case proceeded to trial and resulted in a jury verdict and judgment assessing the reasonable value of family provided attendant care at $18.00 per hour.  Although there was apparently some delay, State Farm paid attendant care benefits at the rate of $18 per hour after the trial and through July 2008.  State Farm then stopped paying benefits again and did not make a payment until January 21, 2009.  On January 21, 2009, State Farm issued attendant care insurance benefit payments at a reduced hourly rate of $12 per hour.

According to State Farm, it has paid attendant care benefits at the rate of $12.00 per hour because of plaintiff's admission that she pays attendant care providers only $12.00 per hour for the services provided to her daughter.  (Dkt. 116-4, Affidavit of Ruthann Tuttle).  According to plaintiff, she has kept her attorneys on retainer during the numerous years following the previous jury verdict.  (Dkt. 116-1, M. Ganun dep., pp. 14-16).  While she claims to pay the attendant care providers $18.00 per hour, it is "minus expenses" – i.e., the

one-third (1/3) fee that she has been paying to her attorneys.  (Dkt. 116-1, at 14-16,

18-19; Dkt. 116-5, A. Daniels dep., pp. 24-29; Dkt. 116-6, S. Serrin dep., pp. 6-7,

70, 74).  According to State Farm, the "retainer" purportedly paid by plaintiff to

her counsel, effectively reduced the reasonable rate of attendant care services

incurred by plaintiff and required to be paid by State Farm.  Thus, State Farm

argues that the expense incurred by plaintiff to provide the attendant care services

to Ms. Ganun is $12.00 per hour and that is all that State Farm is required to pay

under the No-Fault Act.  Further, State Farm argues that an insurer is required to

pay an insured's attorney fees only in circumstances where a court finds that its

position was unreasonable.  Mich. Comp. Laws § 500.3148(1).  Then, in such a

case, the insured receives the full amount of the benefits awarded, and the insurer

pays attorney fees in addition to the benefits awarded.  *Id*.  State Farm argues that

there is no genuine issue of material fact that plaintiff has not incurred expenses

beyond $12.00 per hour and plaintiff's attempt to recoup anything more than

$12.00 per hour for attendant care services must be rejected.

In response, plaintiff argues that the factual basis for State Farm's motion is

disputed and thus summary judgment is not appropriate.  Specifically, plaintiff

testified at her deposition and submitted an affidavit stating that she never told Ms.

Tuttle that she only paid her care providers $12 per hour.  (Dkt. 122-11, M. Ganun

dep, pp. 74-755, lines 21-25 and 4:  "Q. At any rate, Miss Ganun, let me just ask

Report and Recommendation
Motion for Summary Judgment
*Ganun v. State Farm*; Case No. 09-12966

you a question. You didn't say, you didn't say you were only paying $12.00 an hour to the attendant care providers? A. I didn't say that.").  Plaintiff also argues that the only evidence offered by State Farm to support its motion is an alleged statement by plaintiff made during compromise negotiations, which is inadmissible under Federal Rule of Evidence 408.

According to plaintiff, the payment to the other service providers of an amount that Mrs. Ganun was able to pay (in light of State Farm's failure to pay for periods of time in dispute and reduction of benefits) does not establish the value of the care.  Plaintiff asserts that State Farm's theory is "circuitous and grossly improper."  One of plaintiff's care providers, Amy Daniels, testified that "She sat me down and told me that I would be paid $18.00 an hour plus expenses."  (Dkt. 122-13, A. Daniels dep. 15:7-8).  It is only *because* State Farm fails to pay the proper amount ($18 per hour, minimum) that plaintiff pays what she can ($18 per hour, less expenses).  Mrs. Ganun explained: "No, I haven't paid that. As a matter of fact, State Farm hasn't paid, so I have been paying them myself, and I can't afford them to pay them $30.00 an hour."  (Dkt. 122-11, M. Ganun, dep. at 65:12-16).

Plaintiff also argues that the reasonable value of the care was already established in the last trial and asserts that serial no fault trials should be the exception, not the norm.  According to plaintiff, the court should only allow a

4

subsequent trial on the issue of the reasonable value of care under very limited

circumstances and circumstances that do not exist here.  The issue was first

addressed in *Manley v. D.A.I.I.E.*, 425 Mich. 140; 388 N.W.2d 216 (1986).  The

Michigan Supreme Court held:

> Either the Manleys or DAIIE are entitled to a
> redetermination from time to time of the amounts
> properly allowable for nurse's aides or for room and
> board, including the services of the Manleys. If DAIIE
> contends that John has sufficiently recovered so that
> nurse's aides are not required or that a fewer number of
> hours of such assistance is required or that the cost set
> forth in the bills rendered is unreasonable, it may apply to
> the circuit court for a further determination of the
> necessity and reasonableness of the charges.  However,
> absent some evidence that there has been a substantial
> change in the facts and circumstances, the trial court
> would be acting within its discretion in refusing to set the
> matter down for a further evidentiary hearing.

*Manley*, 425 Mich. at 158-159.  Thus, according to plaintiff, unless there is some

evidence that there has been a substantial change in the facts and circumstances, a

claimant should not have to re-litigate the value of the care provided over and over

again.

Plaintiff points to another recent Michigan case where this principal has

been applied.  In *Juzba v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 794683 (Mich.

App. 2009), the Court of Appeals affirmed the lower court's grant of

summary disposition in favor of plaintiff, relying on principles of collateral

estoppel.  In *Juzba*, State Farm stopped paying for attendant care services just days after the jury verdict in an earlier case awarding such benefits. The plaintiff filed a second lawsuit and a motion for summary judgment, arguing that the factual issues on which plaintiff's claim for no-fault benefits were predicated had already been decided in the first litigation and therefore collateral estoppel barred defendant from litigating the reasonableness and necessity of the services provided by the particular provided involved in the first litigation.

Plaintiff argues, just as *Juzba*, that the instant case is essentially a continuation of an established lawsuit.  The two cases involve the same parties, the same medical provider, and the same expense being denied by State Farm.  The principals underlying the *Juzba* decision apply equally to the present case.  This case has been tried.  A jury has made its determination and judgment has been entered.  According to plaintiff, State Farm is not entitled to "another bite at the apple" nor is it allowed to squander judicial resources.   Here there is no question that State Farm vigorously defended the lawsuit at and before trial, damages were not nominal, and it was able to conduct discovery and call witnesses.  All of this warrants the application of offensive collateral estoppel here and partial summary judgment in favor of plaintiff.

Specifically, plaintiff asks for summary judgment that the minimum rate State Farm must pay is $18 per hour, given that there has been no change in

plaintiff's condition or need for care.  (Dkt. 122-15, Dr. T. Braciszewski testified at deposition that there has been no significant change in Krista Ganun's neuropsychological condition and her need for care has remained the same). Thus, plaintiff argues that there is no genuine issue of material fact regarding whether there is a material change in condition and the jury set the minimal value of the attendant care.

## III.   ANALYSIS AND CONCLUSION

### A.   Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all

justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005). Under Federal Rule of Civil Procedure 56, a party asserting that a fact cannot be or is genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1).

B.    <u>Defendant's Motion for Summary Judgment Should Be Denied</u>

In the view of the undersigned, defendant's motion for summary judgment should be denied. Most importantly, there is plainly a genuine issue of material fact as to whether plaintiff, in fact, "pays" the care providers only $12 per hour. She testified at her deposition and set forth in her sworn affidavit that she never said any such thing to Ms. Tuttle and that it costs $18 per hour for attendant care, but that she deducts $6 per hour for attorney fees. Notably, plaintiff's counsel also represents the care-giver, who agreed to allow the attorney expenses to be deducted from her pay. (Dkt. 122-13, p. 4). Deducting a portion of the wages paid for attorney fees, as agreed to by the employee, is not the same as only "paying" the

employee the net amount received by the employee.  Defendant has not come forth

with any legal support for the notion that such a practice is improper or not

permitted under the No-Fault Act.  In addition, the alleged statement on which

defendant's motion is primarily based appears to have been made in the context of

settlement negotiations and thus, is not admissible under Rule 408.

Finally, contrary to defendant's contention in this matter, Mich. Comp. Law

§ 500.3142(2), governing attorney fees awarded where benefits are overdue has no

application to the validity of an attorney charging lien over a payment of No-Fault

benefits, as recently held by the Michigan Court of Appeals.  *Miller v. Citizens Ins.*

*Co.*, 288 Mich.App . 424, — N.W.2d — (2010) ("The attorney's charging lien

creates a lien on a judgment, settlement, or other money recovered as a result of the

attorney's services" and § 3142 of the no-fault act was simply inapplicable.)

(internal quotation marks omitted).  There is no question here that a charging lien

has been asserted by plaintiff's counsel over all attendant-care payments and

defendant has offered nothing factually or legally to invalidate that claim.  Under

these circumstances, defendant's motion for summary judgment should be denied.

C.    Plaintiff's Motion Under Rule 56(f)

In response to defendant's motion for summary judgment, plaintiff requested

judgment under Rule 56(f).  The basis for plaintiff's motion is that the earlier jury

verdict found attendant care benefits to be compensable at a rate of $18 per hour.

Plaintiff does not claim, however, that $18 per hour is currently the correct rate. Rather, plaintiff seeks summary judgment on its claim that, based on the jury verdict, the *minimum* rate is $18 per hour.  Plaintiff, presumably, seeks to offer proofs at trial that the current correct rate is higher than $18 per hour.  At this time, the undersigned declines to give defendant notice and an opportunity to respond to this issue raised by plaintiff under Rule 56(f).  In the view of the undersigned, however, plaintiff correctly points out that some collateral estoppel effect should be accorded to the prior jury verdict.

The doctrine of  collateral estoppel is intended to relieve parties of the costs and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions.  *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 692-693; 677 N.W.2d 843 (2004).  Collateral estoppel precludes re-litigation of an issue in a subsequent, different case between the same parties if the prior action resulted in a valid final judgment and the issue was actually and necessarily determined in the prior matter.  *Id*.  In the view of the undersigned, each party needs to come forward with evidence to establish a triable issue of fact that they are not bound by the previously jury-determined rate of $18 per hour.  While defendant correctly points out that *Manley* involved a jury determination of future benefits and argues that, therefore, it should not be applied here, the principles of collateral estoppel should be applied for similar reasons.  In

*Manley*, at the trial court level, a declaratory judgment was entered requiring the no-fault insurer to pay for room and board and attendant-care services in the future, at a specified rate.  The Michigan Court of Appeals reversed this portion of the judgment because the declaration regarding future benefits was "'without regard to whether such expenses were actually incurred.'"  *Manley*, 425 Mich at 148, quoting, *Manley v. Detroit Automobile Inter-Ins. Exch*., 127 Mich.App. 444, 451, 339 N.W.2d 205 (1983).  The Michigan Supreme Court reinstated this portion of the declaratory judgment, but modified it to provide that no-fault insurers would not be charged for payment until they had the bills to substantiate the charges.  *Id*. at 149-150.  The ruling complied with the requirement of the No-Fault Act that charges must be "incurred" but did not preclude the possibility of awarding future benefits payments.  *Rose v. State Farm*, 274 Mich.App. 291, 295; 732 N.W.2d 160 (2007).  *Manley* also allowed for a right of "redetermination" of future expenses that have already been determined as reasonable and necessary, which right belongs to both the plaintiff and the insurer.  *Id*. at 295-296.

As pointed out by the *Rose* court, in *Manley*, "the amount and type of benefit that the plaintiff received was clearly indicated at the trial court level, which established a basis for the plaintiff and the insurer to determine if the benefits would be reasonable and necessary in the future."  *Rose*, 274 Mich.App at 296.  And, the only issue to be addressed by the court in the future was whether "there

has been a material change in the plaintiff's physical condition, which would warrant a change in the amount of attendant-care compensation, or an increase or decrease in the cost of the services due to the passage of time." *Id*. While the process envisioned by the undersigned in this case is not strictly the "redetermination" procedure outlined in *Manley* and *Rose*, using the guiding principles of collateral estoppel and judicial efficiency as applied in *Juzba*, should the Court adopt this report and recommendation and deny defendant's motion for summary judgment, the undersigned contemplates issuing an order under Rule 56(f). This order will direct both parties to file briefs addressing whether and to what extent they are bound by the prior jury verdict finding $18 per hour to be a reasonable rate of compensation for attendant care services and what evidence supports a change in circumstances warranting an adjustment of that rate.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 5, 2011

s/Michael Hluchaniuk_____
Michael Hluchaniuk
United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 5, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Diane L. Aimar-Saylor, Nicholas S. Andrews, Benjamin S. Reifman, James F. Hewson, Jeffrey S. Coleman, Stacey L. Heinonen, and Craig S. Romanzi</u>.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motion for Summary Judgment
*Ganun v. State Farm*; Case No. 09-12966
