UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA L. GANUN,

                Plaintiff,              CASE NUMBER: 09-12966
                                       HONORABLE VICTORIA A. ROBERTS
                                       Magistrate Judge Michael Hluchaniuk

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

                Defendant.
_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

      Before the Court is Defendant State Farm Mutual Automobile Insurance

Company's ("State Farm") motion for summary judgment against Plaintiff Marcia L.

Ganun.  A hearing on the motion was held before Magistrate Judge Michael Hluchaniuk

on December 16, 2010.  Magistrate Judge Hluchaniuk's Report and Recommendation

("R & R") recommends the Court **DENY** State Farm's motion.  State Farm objected;

Ganun responded to State Farm's objections.

      For the reasons below, the Court **OVERRULES** Defendant's objections and

**ADOPTS** the magistrates R & R.  State Farm's Motion for Summary Judgment is

**DENIED**.

**II.    BACKGROUND**

      In May 1999, Plaintiff's daughter, Krista Ganun, suffered severe and permanent

injuries in an automobile accident. Krista requires around-the-clock care by attendant care service providers. Krista's automobile insurer is State Farm. In March 2003, a jury awarded Plaintiff attendant care benefits of $18 per hour for all reasonable and necessary charges incurred for Krista's care, recovery, and rehabilitation, to be paid by State Farm. However, in January 2009 State Farm reduced the amount of benefits it paid Plaintiff to $12 per hour. This lawsuit to recover the difference, including any amount over $18 per hour to which Plaintiff may be entitled, followed. In its motion for summary judgment, Defendant argues it was entitled to reduce Plaintiff's benefits to $12 per hour because Plaintiff admitted to a State Farm Claim Representative she currently pays care providers that amount. Defendant says the remaining $6 is paid to Plaintiff's attorneys as a retainer fee and Defendant is not obligated to pay Plaintiff's attorney fees.

Additional facts and summary of the parties' arguments are presented in the magistrate's R & R at pages 2-7. This Court incorporates that discussion by reference here.

## III.   STANDARD OF REVIEW

This Court reviews *de novo* any part of the magistrate's recommendation on a dispositive motion that is properly objected to. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72 (b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72 (b)(3).

2

## IV.    OBJECTIONS

State Farm objects to the magistrate's R & R on three grounds: (1) there is no genuine issue of material fact as to whether Plaintiff pays  Krista's care providers only $12 per hour because Plaintiff's deposition testimony, and the affidavit of State Farm Claim Representative, Ruthann Tuttle, establish that fact; (2) the magistrate erred by holding Plaintiff's attorneys had a charging lien on Plaintiff's award of $18 per hour, obliging State Farm to continue to pay this amount and allowing Plaintiff's attorneys to receive fees from State Farm "in perpetuity" for expenses not "incurred" by Plaintiff; and (3) the magistrate erred by suggesting that Plaintiff might be entitled to partial summary judgment, after additional briefing, on collateral estoppel grounds, because Plaintiff did not file a dispositive motion seeking same by the Court's deadline of October 22, 2010. Plaintiff responds that State Farm's objections are untimely and therefore, waived, and the magistrate's R & R is supported by the facts and law.

## V.    ANALYSIS

### A.    There are material factual issues in dispute precluding summary judgment in Defendant's favor.

The Court need not decide whether Defendant's objections are waived because they were filed one day late, as Plaintiff contends.  Even on *de novo* review of the portions of the R & R objected to, the Court overrules the objections and holds that State Farm is not entitled to summary judgment because there are genuine issues of material fact in dispute.

State Farm contends it is only required to pay Plaintiff $12 per hour in attendant care benefits under Michigan's No-Fault Act, Mich. Comp. Law ("MCL") §§ 500.3101 *et*

3

*seq*, despite the jury's 2003 award of $18 per hour, because Plaintiff admitted that she pays attendant care providers only $12 per hour for the services provided Krista.

The Court will grant summary judgment in favor of the moving party if that party establishes that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"  *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(e)(2).  The Court views the evidence in favor of the non-moving party.  *Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 138 (6th Cir. 1993).  However, the evidence supporting the plaintiff's position must be more than a mere scintilla; it must be sufficient for the jury to reasonably find in favor of the plaintiff.  *Liberty Lobby*, 477 U.S. at 252.  "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict- whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."  *Id.*  (citation and internal quotation marks omitted) (emphasis in original).

Plaintiff disputes State Farm's contention that she only pays $12 per hour to Krista's care providers.  During her February 4, 2010 deposition, Plaintiff testified that she never told a State Farm representative that she paid only $12 an hour.  (*See* 2/4/10 Tr. 74-75).  Further, in her response to State Farm's motion, Plaintiff argues that Ms. Tuttle "falsely claimed that Mrs. Ganun stated during the meeting that she paid her care

4

providers $12 per hour.  State Farm then used this statement (that never occurred) to reduce benefits."  (Doc. # 122 at 11).

Plaintiff's deposition testimony is supported by Amy Daniels, one of Krista's care providers.  Ms. Daniels testified that Plaintiff told her she would be paid $18 an hour plus expenses and that she was, in fact, paid $18 an hour at one point, sometimes receiving more.  (2/4/10 Tr. 15, 25).  Moreover, there is a question as to whether Ms. Tuttle's affidavit is admissible as proof of the amount of Plaintiff's claim under Fed. R. Evid. 408(a)(2).  Therefore, there are genuine fact issues in dispute and summary judgment is inappropriate.

**B.    The parties are directed to submit additional briefing on the issues of collateral estoppel and the effect, if any, of Plaintiff's attorneys' charging lien on the 2003 judgment against Defendant**.

In response to Defendant's Motion for Summary Judgment, Plaintiff requested partial summary judgment in her favor, asking that the Court limit the issue for trial to the amount of an increase in the reasonable value of attendant care services above $18 per hour, to which she is entitled.  While the magistrate did not recommend that the Court grant partial summary judgment in Plaintiff's favor, he acknowledged that collateral estoppel might preclude State Farm from paying less than $18 per hour.  He said this Court might choose to issue an order directing both parties to brief the issue of "whether and to what extent they are bound by the prior jury verdict finding $18 per hour to be a reasonable rate of compensation for attendant care services and what evidence supports a change in circumstances warranting an adjustment of that rate."  (R & R at 12).

The Court agrees with the magistrate; there appear to be questions of law not

fully addressed in the current briefs that may dispose of the matter, at least partially, in one party's favor.  Accordingly, the Court gives the parties notice and an opportunity to respond to the issues identified below.  *See* FED. R. CIV. P. 56(f).

### 1.    Collateral Estoppel

Plaintiff says the doctrine of collateral estoppel, or issue preclusion, prevents State Farm from paying less than $18 per hour in attendant care benefits.  The doctrine of collateral estoppel may be applied if four criteria are satisfied: (1) the issue raised in the present case was raised and actually litigated in the prior proceeding; (2) determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding.  *United States v. Sandoz Pham. Corp.*, 894 F.2d 825, 826-27 (6th Cir. 1990).

Plaintiff presents the deposition testimony of Dr. Terry Braciszewski that Krista's neuropsychological condition is the same now as it was in 2003, and that nothing has altered her need for continuing attendant care.  (6/15/10 Tr. 134-35).  Yet, Plaintiff seeks more than the $18 per hour she requested then.  Although collateral estoppel may preclude State Farm from paying less than $18 per hour, *see Manley v. Detroit Auto. Inter-Ins. Exch.*, 425 Mich. 140, 157, 388 N.W.2d 216 (1986)  (it is "neither a workable nor a sound rule of law" to permit an insurer to relitigate factual and legal issues that were already decided in a prior proceeding when the insured seeks payment for expenses incurred after the date of trial), it may also prevent Plaintiff from seeking more.

6

## 2.      Effect of the Charging Lien on the Benefits Owed

The second issue is related to the first: Under MCL § 500.3107(1)(a), is Plaintiff entitled to deduct an attorney retainer fee from the $18 hourly rate determined to be reasonably necessary for Krista's care, and still recover that hourly rate from State Farm?  State Farm appears to argue that collateral estoppel does not preclude a reduction in benefits because the attorney retainer fee constitutes a substantial change in circumstance.  *See Manley*, 425 Mich. at 158-59 (when an automobile insurer is ordered to pay benefits under the No-Fault Act, the insurer and the insured are entitled to a redetermination of amount, from time to time, if there is "evidence that there has been a substantial change in the facts and circumstances.").

In his R & R, Magistrate Judge Hluchaniuk points out that in *Miller v. Citizens Ins. Co.*, 288 Mich.App. 424, 794 N.W.2d 622 (Mich. Ct. App. 2010), the Michigan Court of Appeals upheld a judgment against an automobile insurance company where one-third of that award went to the Plaintiff's attorneys in satisfaction of an attorney charging lien on the judgment.  The court of appeals observed, "[i]t appears that a typical contingency fee contract was entered into by which plaintiff's attorneys agreed to accept as payment for their services 1/3 of the amount of monies, if any, recovered on Ryan's behalf." *Id.* at 434.  The appellant, Detroit Medical Center ("DMC"), which was in the same position as Krista's care providers – that is, subject to a reduction in payment for services because of an attorney fee agreement and charging lien – argued it should not have to pay the plaintiff's attorney fees under §§ 500.3142(2) and 500.3148(1).  *Id.* at 439.  However, the court distinguished those provisions, which are related to penalty interest and penalty attorney fees, saying the issue was whether the plaintiff's attorneys were

7

entitled to collect their fee, or charging lien, against the proceeds of the settlement they obtained for the plaintiff, not whether the DMC or the plaintiff's attorneys were entitled to penalty interest or penalty attorney fees from the insurance company.  *Id.* at 440.  The court held they were entitled to the relief they sought.

Defendant contends that because Krista's care providers are only receiving $12 (or some other amount less than $18) per hour for their services, that is the reasonable cost incurred by Plaintiff for Krista's care under § 500.3107, and that is how much State Farm is obligated to pay under the No-Fault Act.  State Farm argues it is not responsible for any amount out of the $18 hourly rate that is paid to Plaintiff's attorneys as fees for their continued representation of Plaintiff.  The Michigan Court of Appeals rejected a very similar argument in *Miller*, though there the challenge to the contingency fee was made by the care-provider, not the insurer.

*Miller*'s holding and reasoning seem to apply to the situation here; Defendant should attempt to distinguish *Miller* in its response.  In its objections to the magistrate's R & R, Defendant simply says *Miller* is inapplicable, without explaining how or why. Defendant characterizes its $18 hourly payments to Plaintiff as voluntary; however, there is no dispute that there was a 2003 judgment awarded against it in that amount for Krista's past care.  Defendant acknowledges that "following the jury's verdict in the preceding trial, it became expected that State Farm would continue to pay benefits at the rate of $18.00 per hour ***unless*** there was a change in circumstances."  (Doc. # 133 at 4) (emphasis in original).  State Farm characterizes its discovery that Plaintiff was paying some of the benefits to her attorneys as a "change in circumstance," warranting a reduction in benefits.  However, the *Miller* court's holding suggests otherwise.

8

Moreover, Defendant does not allege facts tending to show the type of change in circumstance that would entitle it to a redetermination as envisioned by the Michigan Supreme Court.  In *Manley*, that court stated:

> Either the Manleys or DAIIE are entitled to a redetermination from time to time of the amounts properly allowable for nurse's aides or for room and board, including the services of the Manleys.  If DAIIE contends that John has sufficiently recovered so that nurse's aides are not required or that a fewer number of hours of such assistance is required or that the cost set forth in the bills rendered is unreasonable, it may apply to the circuit court for a further determination of the necessity and reasonableness of the charges.  However, absent some evidence that there has been a substantial change in the facts and circumstances, the trial court would be acting within its discretion in refusing to set the matter down for a further evidentiary hearing.

425 Mich. at 158-59.  Defendant does not present evidence that Krista has sufficiently recovered to warrant a reduction in benefits and Plaintiff presents evidence that Krista's condition is the same as it was in 2003.  Moreover, the *Manley* court noted that the insurer "may apply to the circuit court for a further determination of the necessity and reasonableness of the charges" when it alleges that it is over-paying.  *Id.* at 159.  State Farm did not do this; it simply reduced the amount of benefits it paid Plaintiff.

Unless Defendant can distinguish *Miller* and provide this Court with legal support for its position that an insured is not entitled to satisfy an attorney charging lien pursuant to a fee agreement out of a favorable judgment, or can present evidence sufficient to create a genuine issue of material fact as to whether Krista's condition has improved such that she requires less assistance, summary judgment in Plaintiff's favor in the amount of $18 per hour is likely warranted.  Likewise, if Plaintiff seeks an increase in benefits, she must present evidence that the reasonable and necessary charges incurred for Krista's care have increased since 2003.

9

VI.      CONCLUSION

The Court **ADOPTS** Magistrate Judge Hluchaniuk's R & R.  There are genuine

issues of material fact in dispute precluding summary judgment in Defendant's favor.  In

accordance with this opinion, Defendant is directed to respond to the issues raised by

**Monday, June 6, 2011**.  Plaintiff must reply by **Monday, June 20, 2011**.

        **IT IS ORDERED.**


                                         s/Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge

Dated:  May 16, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 16, 2011.<br><br>s/Linda Vertriest<br>Deputy Clerk |

10