UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA L. GANUN,

       Plaintiff,          CASE NUMBER: 09-12966
                                 HONORABLE VICTORIA A. ROBERTS
                                 Magistrate Judge Michael Hluchaniuk
v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    INTRODUCTION**

In her Response to Defendant's Motion for Summary Judgment (Doc. #122), Plaintiff, Marcia L. Ganun, requested partial summary judgment in her favor, asking that the Court limit the issue for trial to the amount of an increase in attendant care benefits above $18 per hour that she is entitled to. On May 16, 2011, the Court denied Defendant's Motion for Summary Judgment, treated Plaintiff's Response as a Motion for Partial Summary Judgment, and requested additional briefing. Having received the requested briefing, the Court is prepared to rule on Plaintiff's motion.

Her motion is **DENIED**.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff sued Defendant in Oakland County Circuit Court after State Farm reduced the amount of attendant care benefits it paid Plaintiff as a result of an

automobile accident her daughter, Krista Ganun, was involved in. Defendant removed the action from state court based on diversity of citizenship.

Plaintiff argues Defendant is bound by an April 2003 judgment awarding her benefits from December 1, 1999 through February 28, 2003, in the amount of $18.00 per hour for a total of 17,628.25 hours. She says that Defendant violated the Michigan No Fault Automobile Insurance Act, MCL 500.3101, *et seq.* when in late 2008, it reduced Plaintiff's benefits from $18.00 per hour to $12.00 per hour although Krista's medical condition has not improved since 2003.

On October 22, 2010, Defendant moved for summary judgment. Defendant argued Plaintiff admitted to its claim representative that she paid only $12.00 an hour to Krista's care providers and that State Farm was only required to pay that amount in attendant care benefits. Defendant said Plaintiff uses the rest of the money to pay her attorneys a retainer fee. Defendant argued it is not required to pay Plaintiff's attorney fees and that "the 'retainer' purportedly paid by Plaintiff to her counsel, even before this action began, effectively reduce[s] the reasonable rate of attendant care services incurred by Plaintiff and required to be paid by State Farm." (Doc. # 115, Motion to Dismiss at 8).

Plaintiff responded that she is entitled to pay her attorney fees out of an award of benefits. She also said Defendant's claim representative falsely stated that Plaintiff told her she paid Krista's care providers $12.00 per hour. She argued she is entitled to partial summary judgment because Defendant is collaterally estopped from reducing payment. She said the only issue for trial is the amount of increase in the reasonable value of attendant care services over $18.00 per hour.

On April 5, 2011, Magistrate Judge Hluchaniuk submitted a Report and Recommendation (R & R), recommending that the Court deny Defendant's Motion for Summary Judgment. (Doc. # 132). The Court found there were material facts in dispute, adopted the R &R, and denied the motion. (Doc. # 136). In addition, the Court requested briefing on whether Plaintiff was entitled to partial summary judgment. In particular, the Court asked the parties to address whether collateral estoppel precluded them from trying the issue of the amount of attendant care benefits State Farm owes Plaintiff, absent evidence that there has been a change in Plaintiff's condition since the 2003 judgment was rendered. The Court also asked State Farm to discuss state cases holding that a plaintiff is entitled to pay attorney fees, pursuant to a lien, from a judgment against the insurer.

### III. ARGUMENTS

Defendant says it is not estopped from arguing that Plaintiff is not entitled to receive $18.00 per hour for attendant care services because the $18.00 per hour judgment applied only to expenses incurred between December 1, 1999 and February 28, 2003. Defendant contends that Krista's condition has improved such that there is genuine issue of material fact as to the reasonable and necessary costs related to the automobile accident. Finally, Defendant states, Plaintiff's circumstances changed when she began paying her attorney a retainer fee out of the benefits Defendant provided. Defendant says, "[r]egardless of what the jury determined in the 2003 trial, Plaintiff, apparently, was able to obtain the attendant care services allegedly required by Ms. Ganun at a reduced rate of $12.00 per hour." (Doc. # 137 at 11). Because Defendant is only obligated to reimburse Plaintiff for costs that are incurred for an injured person's

3

care, Defendant argues, it does not have to pay benefits at $18.00 per hour.

Plaintiff contends Defendant failed to distinguish this case from *Miller v. Citizens Ins. Co.*, 288 Mich. App. 424, 794 N.W.2d 622 (2010) and to provide support for its position that an insured is not entitled to satisfy an attorney charging lien, pursuant to an attorney-client fee agreement, out of a favorable judgment. Further, Plaintiff says Defendant does not provide any evidence that Krista's condition improved, such that State Farm should pay less than $18.00 per hour. To the contrary, Plaintiff says the evidence supports a greater payment. Plaintiff requests partial summary judgment ordering that the only issue for trial is the amount of the increase in the reasonable value of attendant care above $18.00 per hour.

## IV. ANALYSIS

### A. Neither party is precluded from litigating the reasonable and necessary costs of Krista's attendant care. However, they are precluded from relitigating issues decide by the 2003 state court proceeding.

Michigan law controls whether collateral estoppel bars Defendant's claim that it is entitled to reduce Krista's benefits. *See Mackris v. Murray*, 397 F.2d 74, 75 (6th Cir. 1968). In Michigan, for collateral estoppel to apply, three elements must be met: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. *Monat v. State Farm Ins. Co.*, 496 Mich. 679, 682-84, 677 N.W.2d 843 (2004).

Defendant points out that the 2003 judgment awarded benefits for a specified

period of time – from December 1, 1999 through February 28, 2003. State and federal courts in this jurisdiction hold that when a verdict covers expenses incurred up to a specified date that has already passed, and it does not address future expenses, a party is not precluded by collateral estoppel or res judicata from litigating claims regarding expenses incurred after verdict. *See Warren v. State Farm Mut. Auto. Ins. Co.*, No. 06-15054, 2007 WL 1267579, at *5 (E.D. Mich. Apr. 30, 2007); *Elser v. Auto-Owners Ins. Co.*, 253 Mich. App. 64, 69, 654 N.W.2d 99 (2002); *McMillan v. Auto Club Ins. Ass'n*, 199 Mich. App. 173, 174-75, 502 N.W.2d 48 (1993); *Villaflor v. State Farm Mut.Auto. Ins. Co.*, No. 07-13939, slip. op. at 2-6 (E.D. Mich. Dec. 10, 2008).

In those cases, and in this one, Plaintiff cannot establish collateral estoppel's first two elements. A question of fact essential to the current lawsuit is what reasonable and necessary expenses have been incurred since February 28, 2003; this was not litigated in the prior lawsuit. Likewise, Defendant did not have a full and fair opportunity to litigate future expenses. Moreover, Plaintiff offers no authority for the proposition that Defendant must present evidence of a substantial change in facts and circumstances to litigate reasonable and necessary attendant care costs when such costs were litigated in the past for a time period that has expired. Thus, collateral estoppel does not preclude Defendant from seeking to pay less than $18.00 per hour for the time period following the 2003 verdict. Similarly, Plaintiff is entitled to present evidence that she incurred costs above $18.00 per hour since February 28, 2003.

In its order requesting additional briefing on the issue of collateral estoppel, this Court suggested that Plaintiff might be entitled to partial summary judgment, citing language from the Michigan Supreme Court's opinion in *Manley v. Detroit Auto. Inter-*

5

*Ins. Exch.*, 425 Mich. 140, 157, 158-59, 388 N.W.2d 216 (1986) that a party may apply for a redetermination of benefits *if it has evidence of a substantial change in the facts and circumstances warranting a redetermination*, and it is neither a workable or sound rule of law to require relitigation of factual and legal issues that were previously decided. The distinction, however, between *Manley* and this case is that there, the trial judge entered a declaratory judgment establishing amounts payable in the future. 425 Mich. at 157.

"A declaratory action is appropriate where a judgment is needed to stabilize an uncertain or disputed legal relation, or where the judgment is needed to guide a party's future actions in order to preserve its legal rights." *Auto Club Ins. Ass'n v. Hastings Mut. Ins. Co.*, No. 236490, 2003 WL 1919533, at * 1 (Mich. Ct. App. Apr. 22, 2003) (per curiam) (citing *Allstate Ins. Co. v. Hayes*, 442 Mich. 56, 74, 499 N.W.2d 743 (1993)). Plaintiff did not seek and obtain a declaratory judgment awarding future expenses and the jury was not asked to make a determination regarding reasonable and necessary future expenses. The Michigan Supreme Court says, "[i]f the jury...does not specifically determine the award of future benefits, neither the plaintiff nor the insurer can ascertain if the expenses incurred are reasonable and necessary." *Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 296-297, 732 N.W.2d 160 (2007). As in *Rose*, here there was no litigation and resolution of future costs, thus, litigation regarding benefits due after February 28, 2003 is not "relitigation" of damages incurred prior to that date, as required for the doctrine of collateral estoppel to apply.

On the other hand, collateral estoppel precludes Defendant from raising issues that were litigated and resolved in the prior lawsuit. While attendant care costs from

February 28, 2003 to date were not previously litigated, other issues (such as whether Krista's behavior problems are related to her prior mood disorder as opposed to the car accident) might have been. If Defendant attempts to relitigate causation or other issues raised and decided before, Plaintiff will be entitled to an order precluding these issues. If, and when, this occurs, Plaintiff should provide the Court with evidence that the issue Defendant seeks to raise was resolved by the jury's verdict.

### B. As a matter of law, Plaintiff can satisfy her attorneys' charging lien from any judgment she obtains against State Farm.

The major dispute between the parties is whether Plaintiff can pay her attorneys a retainer fee out of benefits received from State Farm to cover attendant care costs. The Court concludes that she can.

Defendant's contention is premised on its view that if Plaintiff is paying Krista's care providers less than $18.00 per hour, it should only have to pay Plaintiff that amount. Defendant is correct that it is only obligated to pay reasonable and necessary costs *actually incurred* by Plaintiff as a result of Krista's accident. If, for example, Plaintiff's friends and family are providing care to Krista at a cost below $18.00 per hour, then Defendant is no longer required to pay $18.00 per hour.

However, the No Fault Act does not prohibit Plaintiff from establishing that her care providers charge a reasonable fee at or above $18.00 per hour, but agree to receive less than that while Plaintiff retains her attorneys. Defendant suggests that it would be one thing if Plaintiff obtained a valid judgment against it for costs incurred, pursuant to, for example, a $100,000 hospital bill, and then subtracted attorney fees from that judgment under a valid charging lien such that the hospital only receives

7

$66,000; this, it says, is proper. Defendant claims it is entirely different for Plaintiff to pay her attorneys a one-third retainer fee in perpetuity, from the benefits it provides, while no litigation is ongoing and Plaintiff needs no legal representation. (*See* Doc. # 137 at 11-13). It argues the costs actually incurred for Krista's care, under MCL 500.3107, do not include the amount she pays her attorneys. Defendant argues Plaintiff is really seeking to have Defendant pay her attorney fees in addition to benefits for costs incurred, without a finding that Plaintiff is entitled to attorney fees under MCL 500.3148.

Defendant provides no support for the legal distinction it attempts to draw between these scenarios. Instead, it appears a factual distinction without a significant legal difference. Plaintiff says various care providers charge her $18.00 an hour, but agree to allow her to subtract expenses for attorneys who represent not only Plaintiff, but in essence the care providers themselves, who might not receive any payment if not for the representation. Thus, it is the care providers who are paying the attorney fees out of the amount they charge for Krista's care, not Defendant. This is not significantly different from the situation above, where a plaintiff receives a hospital bill for $100,000 but the hospital only receives $66,000 from the insurer in satisfaction of that bill, the rest going to the counsel who secured the judgment against the insurer. Moreover, State Farm's handling of Plaintiff's claim from the time of Krista's accident is what prompted Plaintiff to retain counsel during the five-year period when there was no litigation; Defendant cannot now attempt to punish Plaintiff for a decision that it indirectly brought about.

Michigan courts are clear that an attorney who has a valid charging lien against

benefits recovered from an insurer, can recover a fee even though the care provider will receive less than what it charged, or the value of the care provided. See Miller, 288 Mich. App. at 438-43 (holding that the trial court did not abuse its discretion by awarding plaintiff's attorneys the fees set out in a contingency fee agreement out of a settlement between the plaintiff and insurer even though the hospital providing care did not receive the full value of the services provided); Aetna Cas. & Surety Co. v. Starkey, 116 Mich. App. 640, 643-44, 323 N.W.2d 325 (1982) ("We find that defendant's attorney had a valid attorney's lien against the fund recovered and that the trial court erred in ordering payment of the entire amount of PIP benefits to the medical providers."). Thus, the fact that Krista's care providers receive less than the value of the services provided does not preclude Plaintiff from recovering that value from Defendant.

If a jury concludes Plaintiff established a reasonable value for Krista's necessary care and services, and she was charged that amount, she will be entitled to recover that value from Defendant despite an attorney charging lien.

## V. CONCLUSION

Plaintiff's Motion for Partial Summary Judgment is **DENIED**. Collateral estoppel does not preclude Defendant from establishing the reasonable and necessary costs incurred for Krista's care after February 28, 2003 are less than $18.00 per hour. However, Defendant may not reduce Plaintiff's benefits by the amount of the attorney charging lien.

**IT IS ORDERED.**

S/Victoria A. Roberts

                                       Victoria A. Roberts
                                       United States District Judge

Dated: August 23, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 23, 2011.

S/Linda Vertriest
Deputy Clerk

---